## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 07-20777-CIV-LENARD/O'SULLIVAN

**WILLIAM M. COHEN, D.M.D., M.S.,**
**GREATER ST. LOUIS**
**PERIODONTICS, P.C.,**

      Plaintiff,

vs.

**IMPLANT INNOVATIONS, INC.,**
**d/b/a "3i,"**

      Defendant.

_____/

### ORDER ADOPTING REPORT AND RECOMMENDATION (D.E. 112); DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION (D.E. 60); AND DENYING AS MOOT DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS ON COUNT III OF PLAINTIFF'S COMPLAINT (D.E. 54)

**THIS CAUSE** is before the Court on the Report and Recommendation issued by U.S.

Magistrate Judge John J. O'Sullivan on June 13, 2008 ("Report," D.E. 112), recommending

that the Motion for Class Certification filed by Plaintiff on December 7, 2008 ("Motion,"

D.E. 60) be denied in its entirety.  On June 30, 2008, Plaintiff filed its Objections to the

Report ("Objections," D.E. 116).  On July 18, 2008, Defendant filed its response to

Plaintiff's Objections ("Response to Plaintiff's Objections," D.E. 118). Having reviewed the

Motion, the related pleadings, and the record de novo, the Court finds as follows:

I.        **Procedural Background and Report**

As the Magistrate Judge noted in the Report, Plaintiff William M. Cohen, D.M.D., M.S., Greater St. Louis Periodontics, P.C. ("Plaintiff")[1] filed a complaint against Defendant Implant Innovations, Inc. d/b/a "3i") ("Defendant") alleging claims for breach of express and implied warranties (Counts I and II) and a claim under Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") (Count III) arising from the sale of permanent endosseous dental implants, known as the Osseotite NT Certain Implant, and related system components (the "Implant Product"), that were allegedly designed, manufactured, marketed, distributed, and sold by Defendant.  (See D.E. 112 at 1; see also D.E. 93 ¶ 7.)  Plaintiff then filed the instant Motion on December 7, 2007, initially seeking to certify as a class on its three claims "all periodontists, oral surgeons, and similar medical dental professionals" in the United States who purchased the Implant Product from Defendant and have had to replace, at their cost, the Implant Product at a rate substantially higher than warranted, during the period July 28, 2003 - when the Implant Product was first marketed and sold to periodontists throughout the United States - to the date of the trial.  (D.E. 60; see also D.E. 61-62; D.E. 93 ¶¶ 10-11.) Defendant filed its opposition on January 14, 2008 (D.E. 77), and on February 5, 2008, Plaintiff filed its reply (D.E. 88).  In its reply, Plaintiff sought to amend the class definition on its breach of express warranty claims only, limiting the class to members from certain states (and the District of Columbia) which do not require reliance as an element of a breach

---

[1]  The Complaint was amended by interlineation only to correctly reflect the full name of Plaintiff.  (See D.E. 1, D.E. 91-93.)

2

of express warranty claim and who "received marketing materials about Implant Product's success rate, and have had to replace the Implant Product at a rate higher than warrantied within the applicable statute of limitations." (See id. at 8-9; see also D.E. 112 at 5.)

In addition, the Magistrate Judge permitted Plaintiff to file a supplemental memorandum of law (D.E. 99), and permitted Defendant to file a response to that supplemental memorandum of law (D.E. 102). On April 18, 2008, the Magistrate Judge heard oral argument on this Motion. (D.E. 112 at 2.) At oral argument, Plaintiff proposed further modifications to the proposed class on its breach of express warranty claims, namely, all periodontists, oral surgeons, and similar medical-dental professional who had experienced a failure rate in excess of their normal rate and whose failure rate was higher than warranted by Defendants. (See id. at 5.)

As a threshold matter, the Magistrate Judge determined that Plaintiff has failed to set forth adequately defined and clearly ascertainable classes, because determining who qualified as members of each of the proposed classes would require the Court to first make a legal determination on Defendant's warranted rate of failure, which would in turn require the Court to decide whether the marketing materials prepared by Defendant constitute an express warranty under applicable law, and then determine that each putative class member experienced a failure rate that was higher than warranted by Defendant. (D.E. 112 at 6.) The Magistrate Judge then noted that, under Plaintiff's definitions, an individual who purchased a single Implant Product and unsuccessfully implanted it in a patient would be

included in the class, regardless of the reason for the failure, because he or she experienced a 100% failure rate, and would have had to replace the product at a higher rate than warranted. (Id.) The Magistrate Judge then addressed the modifications proposed by Plaintiff at oral argument involving defining the class based on a "normal failure rate," and found that the Court would still be required to make factual determinations as to each individual putative class member's "normal failure rate," and that, in addition, Plaintiff fails to explain how, and on what period of time, each member's "normal failure rate" would be determined. (Id. at 6-7.) The Magistrate Judge also noted that medical records may no longer be available, further complicating the task of defining the classes as modified by Plaintiff. (Id. at 6.) Recognizing nonetheless that a deficient class definition can be modified, the Magistrate Judge then analyzed the requirements under Federal Rule of Civil Procedure 23 ("Rule 23") for class certification.

As to numerosity, the Magistrate Judge found that, assuming Plaintiff could present adequate proposed class definitions, Plaintiff satisfies the numerosity requirement in light of the large number of Implant Products sold by Defendant and the geographic dispersion of the proposed class members. (Id. at 8.) As to commonality, the Magistrate Judge found that the questions linking the putative class members are substantially related to the resolution of the litigation, and, given the low threshold for establishing commonality, Plaintiff has satisfied the commonality requirement. (Id. at 9-10.)

As to typicality, the Magistrate Judge found that Plaintiff has satisfied the typicality

4

requirement for both breach of express and implied warranty claims, noting that Defendant does not challenge typicality regarding Plaintiff's breach of express warranty claim, and that the Supplemental Affidavit of William M. Cohen supports a finding of privity between Plaintiff and Defendant sufficient to demonstrate that the Plaintiff's claims are typical of the class. (Id. at 10-11.)  With respect to the FDUTPA claim, the Magistrate Judge first engaged in an extensive conflict-of-laws analysis, and found that Missouri - not Florida - has the most significant relationship to the Plaintiff's unfair trade practice claim, and, as such, Plaintiff does not have standing to assert a FDUTPA claim on behalf of each putative class member; thus, the Magistrate Judge found that Plaintiff has not satisfied the typicality requirement with respect to its FDUTPA claim.  (Id. at 12-26.)

As to adequacy, the Magistrate Judge found that Plaintiff does not have any apparent conflicting interests with potential class members; that Plaintiff appears to be involved in the litigation; that Defendant does not question the qualifications, experience or ability of Plaintiff's counsel; and that Plaintiff's counsel appears to be well-equipped to prosecute this action.  (Id. at 26.)  Thus, with respect to the warranty claims, the Magistrate Judge found that Plaintiff satisfies the adequacy requirement.  Nonetheless, with respect to the FDUTPA claim, the Magistrate Judge found that  Plaintiff cannot satisfy the adequacy requirement because Plaintiff lacks standing to bring the FDUTPA claim.  (Id.)

The Magistrate Judge then turned to the requirements under Rule 23(b)(3), under which Plaintiff seeks certification.  (Id. at 27.)  Finding that the Plaintiff's breach of express

warranty claim is based on Defendant's marketing materials, which contained a Florida choice-of-law provision, and that there are substantial differences between the warranty laws of various states, the Magistrate Judge engaged in a conflict-of-laws analysis on the express warranty claim, and concluded that Missouri law should apply to Plaintiff's express warranty claim, but that the law of the state of each putative class member would apply to his or her express warranty claims.  (Id. at 27-31.)  As such, the Magistrate Judge found that individual legal issues predominate, and that Plaintiff does not therefore satisfy the predominance requirement of Rule 23(b)(3) with respect to the breach of express warranty claim.  (Id. at 31.)  Moreover, the Magistrate Judge concluded that, even if Florida law were to apply to the claims of all putative class members, individual factual questions preclude a finding of predominance, because (1) each member would have to show that he or she was injured as a result of Defendant's breach of express warranty; and (2) each member would have to show that he or she gave Defendant notice within a reasonable time that the Implant Products were nonconforming in order to recover damages for breach of either an express or implied warranty, and what constitutes a reasonable time is a highly individualized factual determination in this case because the putative members purchased the Implant Product at different times and in varying quantities.  (Id. at 31-33.)

As to the breach of implied warranty claim, the Magistrate Judge concluded as well that individual factual and legal issues predominate that claim because each putative class member would have to show reliance, as well notice to Defendant, on an individualized

6

basis; further, each would have to establish that the implied breach of warranty was the proximate cause of his or her loss, and that each Implant Product purchased failed as a result of a defect in the Implant Product.  (Id. at 33-34.)

As to the FDUTPA claim, the Magistrate Judge reiterated that FDUTPA would not apply to the claims of every putative class member, and that the Court would have to make legal inquiries concerning the consumer protection laws of 49 states and the District of Columbia.  (Id. at 34.)  As such, the Magistrate Judge concluded that individualized legal questions predominate over common questions regarding Plaintiff's FDUTPA claim.  (Id.) The Magistrate Judge also found that individualized questions of fact predominate over common questions of fact, because each putative class member would have to show that it received Defendant's sales brochures or other marketing materials in which Defendant's representation of a two-percent failure rate was made, but that Defendant did not provide its customers with a uniform set of marketing materials.  (Id. at 35.)  Further, the Magistrate Judge concluded that causation also presents an individualized question, because the failure of the Implant Product could be due to a number of reasons.  (Id. at 35-36.)  Moreover, the Magistrate Judge found that, even if Plaintiff's FDUTPA claim was based on omissions by Defendant - which the Magistrate Judge notes was not asserted by Plaintiff in the complaint - individual factual questions would nonetheless predominate, as each putative class member would still have to show causation that his or injury resulted from Defendant's omissions. (Id. at 36-37.)

Finally, the Magistrate Judge concluded that, because individual legal and factual issues predominate all claims, a class action proceeding in this case would be unmanageable and would not be a superior method of adjudication.  (Id. at 38.)

Based on the thorough reasoning and analysis set forth in the Report, the Magistrate Judge recommends denial of the Motion in its entirety.

## II.    Objections and Response to Objections

In its Objections, Plaintiff objects to the Magistrate Judge's finding that Plaintiff has not adequately defined the proposed classes.  (See D.E. 115.)  Plaintiff argues that class members can be adequately identified from Defendant's records, which show that Defendant repeatedly sent Plaintiff, without charge, replacement Implant Products that failed at a rate of greater than 1%.  (Id.)  Without support, Plaintiff also asserts that "other class members may be identified without too much difficulty from [Defendant's] records as well."  (Id. at 3.)  Plaintiff next argues that the Magistrate Judge incorrectly concluded that Plaintiff lacks standing to bring a FDUTPA claim because he improperly used the place of injury as the touchstone for his conclusion, and, according to Plaintiff, the common injury occurred in Florida, not in Missouri or other states, because all transactions, including payments for the Implant Products, were made to Defendant in Florida, and because the conduct causing the injury - printing a false failure rate in the pamphlet - occurred in Florida.  (Id. at 3-5.) Similarly, Plaintiff contends that the Magistrate Judge failed to adequately take into account that Florida was the place of common injury in his conflict-of-laws analysis on the breach

of express warranty claim.  (<u>Id.</u> at 6.)

Further, Plaintiff argues that the Magistrate Judge incorrectly determined that the notice requirement creates individualized questions of fact that predominate over common questions of fact with regard to Plaintiff's breach of express warranty claim, because the complaint, as well as Defendant's records of sending out replacement Implant Products without charge, serve as notice, and because whether notice is timely and reasonable is a single question applicable to all putative class members.  (<u>Id.</u> at 6-7.)  With regard to the FDUTPA claim, Plaintiff argues that the Magistrate Judge incorrectly concluded that individualized questions of fact would also predominate on the issue of whether each class member received the sales brochure or other marketing materials with representations of a 1% failure rate, because, as Plaintiff asserts, this single question of fact can be handled through a class notice and submission by class members of a sworn declaration and copies of the marketing materials received.  (<u>Id.</u> at 7.)  Plaintiff also objects to the Magistrate Judge's finding regarding causation, and argues that causation under FDUTPA can be proven by evidence of the putative class members' receipt of the uniform written representations in the marketing materials and subsequent purchase and failure of the Implant Product; Plaintiff further asserts that any failure of the Implant Product as a result of improper implantation or a patient who was not a candidate is "merely a defense to liability."  (<u>Id.</u> at 7-8.)  In this manner, Plaintiff appears to argue that the liability issue is common to the class, and thus, despite some individualized issues, common questions predominate over individual questions

regarding causation.  (Id. at 8.)

Finally, Plaintiff argues that the Magistrate Judge incorrectly concludes that a class action would not be a superior method of adjudication here, because the alternative would be tens of thousands of individual lawsuits for small amounts of money.  (Id.)

In its Response to Plaintiff's Objections, Defendant argues that the Magistrate Judge correctly ruled that Plaintiff's class definitions are inadequate because individualized inquiries are necessary to determine who is a member of the classes.  (D.E. 118 at 3-4.) Defendant notes that Plaintiff did not challenge the Magistrate Judge's finding that Defendant did not provide its customers with a uniform set of marketing materials, and argues that Plaintiff's assertion that members could be identified from Defendant's records is not supported by the record, as Defendant replaced failed Implant Products on the basis of its warranty program, not based on a percentage failure threshold.  (Id. at 4-5.)  Thus, Defendant asserts that its records will not identify which putative class members had failures over a higher than warranted percentage.  (Id. at 5.)  Next, Defendant argues that the Magistrate Judge expressly disclaimed giving undue importance to the place of injury factor in determining that Plaintiff lacks standing to bring its FDUTPA claim, and that, in any event, he was correct in determining that Missouri was the place of injury, noting that Plaintiff essentially argues that its own injury occurred in the place where Defendant received payment for the product (Florida), despite the fact that Plaintiff is a Missouri company, received sales calls in Missouri, received marketing materials in Missouri, used the product

in Missouri, had the product fail in Missouri, and suffered economic injury in Missouri.  (Id. at 6-8.)  Defendant then asserts that the Magistrate Judge correctly balanced the various factors in holding that Plaintiff lacks standing to bring FDUTPA claims, and thus his claims are not typical of other class members.  (Id. at 8-12.)

As to predominance, Defendant argues that the Magistrate Judge correctly ruled that individual questions predominate with respect to the breach of express warranty claims, arguing, inter alia, that Plaintiff does not challenge the Magistrate Judge's findings that fact questions related to causation are individualized; that Plaintiff fails to explain how the notice question presents a single question of fact; that the unique circumstances of each buyer's situation requires individual inquiry as to whether a given buyer complained or otherwise gave notice to Defendant regarding problems with the Implant Product; that, as the Magistrate Judge found, the complaint is insufficient to satisfy the notice requirement; and that determinations regarding whether putative class members installed the Implant Product in accordance with prescribed procedures and practices presents individualized questions for each Implant Product.  (Id. at 12-16.)  Defendant further argues that the Magistrate Judge correctly ruled that individual questions predominate with respect to the proposed FDUTPA class, and that Plaintiff acknowledges that the issue of what representations Defendant made to a given putative member is individualized.  (Id. at 16-17.)  With respect to causation, Defendant contends that Plaintiff's argument that causation may be proven by evidence of putative class members' receipt of the uniform written misrepresentations in the marketing

11

materials is flawed, as the record demonstrates that Defendant did not make uniform representations.  (Id. at 18-19.)  Finally, Defendant argues that the Magistrate Judge correctly ruled that superiority is not satisfied due to the unavoidable need to make individualized factual inquiries regarding each of the claims sought to be certified.  (Id. at 20.)

### III.    Discussion

The Court has broad discretion in ruling on a motion to certify a class.  Freeman v. Motor Convoy, Inc., 700 F.2d 1339, 1347 (11th Cir. 1983).  Rule 23(a) of the Federal Rules of Civil Procedure, however, sets forth the following prerequisites to one or more members of a class suing as representative parties on behalf of the entire class:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a).    As the Magistrate Judge correctly noted in his Report, these requirements for certifying a class action are commonly referred to as numerosity, commonality, typicality, and adequacy.

In addition, Rule 23(b) further mandates that one of three criteria be satisfied in order to maintain a class action.  As the Magistrate Judge noted, Plaintiff seeks certification under Rule 23(b)(3), which provides that a class action may be maintained if:

> (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is

> superior to other available methods for fairly and efficiently adjudicating the controversy.

Id.

As a threshold matter, the Court notes that Plaintiff originally sought class certification on all three claims in this action, namely, breach of express warranty, breach of implied warranties, and violation of FDUTPA.  As accurately argued by Defendant, however, Plaintiff does not object to the Magistrate Judge's finding that certification of the proposed class on the breach of implied warranties claim would be inappropriate under Rule 23(b)(3).  (See D.E. 112 at 33.)  Indeed, the Court finds that the Magistrate Judge did not err[2] in finding that reliance is a necessary element of a breach of implied warranties claim, and that, in turn, each putative class member in this case would therefore have to show reliance on an individualized basis.  See, e.g., Light v. Weldarc Co., 569 So. 2d 1302, 1305 (Fla. 5th Dist. Ct. App. 1990) (noting that "[t]he element of reliance [is] required for any implied warranty to arise").  Class certification on Plaintiff's breach of implied warranty claim is thus inappropriate under Rule 23(b)(3).

Having found that class certification on Plaintiff's breach of implied warranties claim is not warranted in this case, the Court will next address class certification of Plaintiff's remaining claims, breach of express warranty and violation of FDUTPA.

_____

[2] Pursuant to 28 U.S.C. § 636(b)(1), the Court is only required to make a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."

### A.    Breach of Express Warranty Claim

#### i.    Rule 23(a) Requirements

The Magistrate Judge found that, with respect to Plaintiff's breach of express warranty claim, Plaintiff has satisfied the numerosity, commonality, typicality, and adequacy prongs under Fed. R. Civ. P. 23(a).  Neither party objects to this finding, and the Court finds that the Magistrate Judge's analysis and conclusion regarding Plaintiff's satisfaction of the four factors was thorough and well-reasoned.

#### ii.    Rule 23(b) Requirements

Despite finding that Plaintiff satisfied the Rule 23(a) requirements as to its breach of express warranty claim, the Magistrate Judge concluded that Plaintiff failed to satisfy its burden under Rule 23(b) of demonstrating that questions of law or fact common to the members of the class predominate over any questions affecting only individual members of the proposed class.  Plaintiff argues that the Magistrate Judge incorrectly made this determination because he failed to take into account the place of common injury in his conflict-of-laws analysis on this claim, and because he incorrectly concluded that the notice requirement creates individualized questions of fact because the complaint serves as adequate notice.  As an initial matter, the Court notes that, as also noted by the Magistrate Judge and by Defendant, Plaintiff failed to present any conflict-of-laws analysis for its breach of warranty claim, despite Plaintiff having the burden to do so, and in that respect, Plaintiff has failed to satisfy the predominance prong under Rule 23(b) as to its breach of express

warranty claim.  In any event, the Court finds that the Magistrate Judge considered appropriate factors in his conflict-of-laws analysis and, in light of his analysis, properly concluded that the law of the state of each putative class member would apply to his or her breach of express warranty claim.

Moreover, the Court finds that, as did the Magistrate Judge, even if Florida law were to apply to the claims of all putative class members, individual factual questions would still preclude  Plaintiff's satisfaction of the predominance prong under Rule 23(b).  Significantly, Plaintiff did not object to the Magistrate Judge's finding that each individual, putative class member would have to demonstrate injury as a result of Defendant's breach of warranty, which is a proper finding under the facts of, and law applicable to, this case.  See, e.g., McCraney v. Ford Motor Co., 282 So. 2d 878 (Fla. 1st Dist. Ct. App. 1973) (noting requirement of a causal connection between any breach of warranty and injury claimed); Dunham-Bush, Inc. v. Thermo-Air Service, Inc., 351 So. 2d 351, 353 (Fla. 4th Dist. Ct. App. 1977) (noting that, to properly plead a cause of action for breach of warranty under Florida's Uniform Commercial Code, a complaint must allege that injuries were sustained by the buyer as a result of the breach of warranty).  In addition, the Court overrules Plaintiff's objection, which is unsupported by law, that the complaint and/or Defendant's records of sending out replacement Implant Products without charge serve as adequate notice to Defendant that the Implant Products did not conform to its alleged express warranty and that notice is therefore a "single question applicable to the entire putative class." (See D.E. 115 at 6.)  As the

Magistrate Judge correctly noted, each putative class member must demonstrate that he or she gave the required notice of the breach to Defendant within a reasonable time pursuant to Fla. Stat. Section 672.607; clearly, this is an individualized factual inquiry, as some potential class members may have provided timely notice, while others may have provided untimely notice of Defendant's alleged breach or no notice at all.  Thus, in light of the notice requirement, yet another basis exists for concluding that individual questions of fact predominate over those common to the class in this case.  See, e.g., Arrowsmith v. Broward County, 633 So. 2d 21, 22 (Fla. 4th Dist. Ct. App. 1993) (class certification denied where each claimant was required to provide statutory notice to proceed on claim).[3]

The Court further overrules Plaintiff's objection to the Magistrate Judge's finding that a class action would not be the superior method of adjudication of this claim.  Given that adjudication of the breach of express warranty claim on a class basis would still necessitate individualized inquiries as described above, treatment of the claim as a class action would hardly be a superior method.  See, e.g., Perez v. Metabolife Int'l, Inc., 218 F.R.D. 262, 273 (S.D. Fla. 2003) (finding that plaintiff failed to meet superiority requirement due to individualized inquiries required to adjudicate claims, and  noting that several other courts have denied class certification under similar circumstances, finding that predominance and superiority were not met where "the economies of scale achieved by class treatment are more

---

[3]  The requirements for establishing a class action under Florida law are nearly identical to the requirements for establishing a class action under Rule 23.  See Fla. R. Civ. P. 1.220 (2008).

than offset by the individualization of numerous issues relevant to a particular plaintiff")
(citations omitted).

For these reasons, the Court finds that Plaintiff has failed to satisfy the elements
required by Rule 23(b), and that class certification is therefore inappropriate on Plaintiff's
breach of express warranty claim.[4]

---

[4] As noted above, before addressing the requirements under Rule 23(a), the Magistrate
Judge analyzed whether Plaintiff's proposed class definition on its breach of express warranty
claim was adequate. (See D.E. 112 at 4 (quoting O'Neill v. Home Depot U.S.A., Inc., 243
F.R.D. 469, 477 (S.D. Fla. 2006) ("Before analyzing the Rule 23(a) requirements, or as part of
the numerosity inquiry, a court must determine whether the class definition is adequate").) The
Magistrate Judge concluded that various deficiencies existed in even the revised proposed class
definition (presented during oral argument) that resulted in problems in identifying the class and
that would require individualized hearings. (D.E. 112 at 4-7.) In its Objections, Plaintiff does
not challenge the Magistrate Judge's finding regarding the proposed class definition presented at
oral argument, and, for the reasons explained in the Report, the Court finds that the Magistrate
Judge properly concluded that the revised proposed class definition presented at oral argument as
to Plaintiff's breach of express warranty claim did not constitute an adequate class definition and
does not present a clearly ascertainable class. Plaintiff does, however, set forth yet another
revised proposed class definition as to its breach of express warranty claim in its Objections, and
argues that the revised definition sets forth an ascertainable and identifiable class. (See D.E. 115
at 1-3.) The Court need not address arguments that Plaintiff failed to present to the Magistrate
Judge under these circumstances. See, e.g., Papapanos v. Lufthansa German Airlines, Case No.
94-2667-CIV-MARCUS, 1996 U.S. Dist. LEXIS 6433, at *35-37 (S.D. Fla. Apr. 15, 1996)
(noting that "Allowing [a party] to present their case to the Magistrate, and then, because they
were unsuccessful, present new issues and arguments to this Court frustrates" the purpose of 28
U.S.C. § 636 and that it was not intended to "give litigants an opportunity to run one version of
their case past the magistrate, then another past the district court") (citations omitted).
In any event, even if the Court were to find that the revised class definition set forth in Plaintiff's
objections was adequate, in light of the Court's finding above that Plaintiff failed to satisfy Rule
23(b) with respect to its breach of express warranty claims, class certification of such claims is
not appropriate.

### B.     FDUTPA CLAIM

#### i.      Rule 23(a) Requirements

The Magistrate Judge found that, with respect to Plaintiff's FDUTPA claim, Plaintiff has satisfied the numerosity and commonality prongs under Fed. R. Civ. P. 23(a); neither party objects to this finding, and the Court finds that the Magistrate Judge's analysis and conclusion regarding Plaintiff's satisfaction of these two factors was thorough and well-reasoned.

After a lengthy and detailed conflict-of-laws analysis, the Magistrate Judge further found that Plaintiff does not have standing to assert the FDUTPA claim, as he concluded that Missouri has the most significant relationship to Plaintiff's unfair trade practice claim. Based on his finding that Plaintiff lacks standing, the Magistrate Judge then concluded that Plaintiff failed to satisfy the typicality and adequacy prongs under Rule 23(a). Plaintiff objects to this finding on three grounds, arguing that: (1) the Magistrate Judge placed undue emphasis on the place of injury; (2) the factors in the Restatement (Second) of Conflict of Laws do not weigh in favor of applying Missouri law; and (3) the Magistrate Judge failed to give appropriate weight to Defendant's Florida choice-of-law provision in its Five-Year Warranty.

First, the Magistrate Judge specifically noted that the "place of injury is not as significant in the instant case . . . and the undersigned will not assign significant weight to the first contact." (See D.E. 112 at 17.)  The Report reflects this, as the Magistrate Judge considered several additional factors in his conflict-of-laws analysis, including where the

18

conduct causing the injury occurred; the domicile, nationality, place of incorporation and place of business of the parties; and the place where the relationship between the parties is centered.

Second, the Court finds that, as the Magistrate Judge concluded, although some factors in this case weigh in favor of applying Florida law (and hence FDUTPA), the application of Missouri law to Plaintiff's claim is more appropriate when considering all of the relevant factors in this case.  It is undisputed on the record that Plaintiff received the offending marketing materials in Missouri; that Plaintiff is a Missouri corporation with its principal place of business in Missouri; that Plaintiff purchased, received, and used the Implant Products in Missouri; and it cannot legitimately be disputed that the alleged injury to Plaintiff - namely, the loss of the purchase price of the Implant Product, the value of the time required to remove defective Implant Products from patients; and the value of the time required to implant replacements (see D.E. 93 ¶¶ 26, 36) - occurred in Missouri.  The Court thus finds that, with respect to Plaintiff's claim, application of Missouri law implicates greater policy interest than application of Florida law, and thus application of Missouri law regarding unfair and deceptive trade practices  to Plaintiff's claim is more appropriate in this case.  See, e.g., Montgomery v. New Piper Aircraft, Inc., 209 F.R.D. 221, 225-226 (S.D. Fla. 2001) (denying class certification and finding that plaintiff's individual claim was more appropriately brought under the analogous Texas deceptive trade practices act than FDUTPA, and that, as a result, plaintiff lacked standing to bring his FDUTPA claim); Hutson

v. Rexall Sundown, Inc., 837 So. 2d 1090, 1094 (Fla. 4th Dist. Ct. App. 2003) (holding that where alleged deceptive unfair trade practice involved nationwide sale of products, where claims asserted in the national class action occurred both in the state of Florida and in 49 other states, and where the alleged wrong was committed, and the damage done, at the site of the sale of products in the various states where members of the purported class made their purchases, denial of class certification was proper).

Third, the Court overrules Plaintiff's objection that the Magistrate Judge failed to give appropriate weight to the fact that Defendant's Five-Year Warranty Program contains a Florida choice-of-law provision. The Magistrate Judge noted this fact and included it in his analysis, finding that this particular fact weighed in favor of application of Florida law. This single fact is not dispositive of the conflict-of-laws analysis, however, and is merely one factor for the Court to weigh in a conflict-of-laws analysis. See, e.g., Restatement (Second) of Conflict of Laws § 145 (1971) (listing various factors to be taken into account to determine the law applicable to an issue); Grupo Televisa, S.A. v. Telemundo Communs. Group, Inc., 485 F.3d 1233, 1240 (11th Cir. 2007) (noting that these factors "are to be evaluated according to their relative importance with respect to the particular issue") (citations omitted). As the Magistrate Judge also noted, Plaintiff's FDUTPA claim is not premised on the Five-Year Warranty Program, and, in light of the factors weighing in favor of the application of Missouri law as discussed above, the Court finds that the Magistrate Judge appropriately weighed the choice-of-law provision in Defendant's Five-Year Warranty

Program in his analysis.

The Court thus concludes, as did the Magistrate Judge, that Plaintiff does not have standing to assert a FDUTPA claim on behalf of each putative class member.  In this regard, Plaintiff has not established that its claim, to which Missouri law is applicable, is typical of the claims of the putative class members, who reside in, purchased, received, and used the Implant Products in, and allegedly suffered injury in, various states, and who separately purchased the Implant Product under circumstances that differ from those of Plaintiff. Similarly, Plaintiff cannot establish that it could fairly and adequately protect the interests of the putative class.  See, e.g., Murray v. U.S. Bank Trust Nat'l Ass'n, 365 F.3d 1284, 1289 (11th Cir. 2004) ("a plaintiff cannot represent a class unless he has standing to raise the claims of the class he seeks to represent"); White v. Deltona Corp., 66 F.R.D. 560, 563 (S.D. Fla. 1975) (where plaintiff lacked standing to represent purchasers, plaintiff did not satisfy "fair and adequate representation requirement").

### ii.    Rule 23(b) Requirements

Even if Plaintiff could satisfy the requirements of Rule 23(a) with respect to the FDUTPA claim (which it cannot, for the reasons described above), class certification on the claim is inappropriate because, as thoroughly discussed by the Magistrate Judge in his Report, Plaintiff has not satisfied the requirements for certifying a class under Rule 23(b). Moreover, Plaintiff's objection to the Magistrate Judge's conclusion that individualized questions of fact predominate regarding the FDUTPA claim is without merit.  First, Plaintiff

appears to argue that individual questions of fact do not predominate because, in Plaintiff's view, the issue of whether each putative class member actually received Defendant's marketing materials containing the alleged misrepresentations is a "single question of fact [that] can be handled through a class notice and submission by class members of a sworn declaration and copies of the marketing materials received." (See D.E. 115 at 7.) This suggestion does not change the fact that the issue of whether each putative class member actually received Defendant's marketing materials is an individual question of fact critical to each member's claim that predominates over any common issues of fact; further, as Defendant argues, this suggestion merely moves the individualized inquiries "up from the time of trial to the period before class notice would be distributed." (D.E. 118 at 17.) Additionally, individualized inquiries regarding causation also preclude a finding of predominance in this case, as each putative class member must prove causation in order to establish Defendant's liability in this case. See, e.g., Black Diamond Props. v. Haines, 940 So. 2d 1176, 1179 (Fla. 5th Dist. Ct. App. 2006) (class certification improper where it was necessary for each plaintiff to offer proof that he or she was damaged as a result of defendant's purported misrepresentations).

Finally, given the Court's finding above that resolution of Plaintiff's FDUTPA claim (assuming Plaintiff had standing to bring the claim) would necessitate individualized factual inquiries, and for additional reasons explained by the Magistrate Judge in his Report, the Court finds that treatment of this claim as a class action would hardly be a superior method.

See Perez, 218 F.R.D. at 273.

For these reasons,[5] class certification of Plaintiff's FDUTPA claim is not proper in this case.  In addition, because the Court has found that Plaintiff lacks standing to bring a claim under FDUTPA and the Court has denied class certification on that claim, Plaintiff's claim under FDUTPA is hereby dismissed from the Amended Complaint.  See, e.g., Hammond v. Reynolds Metals Co., 219 Fed. Appx. 910, 915 (11th Cir. 2007) (affirming district court's sua sponte dismissal of claims for lack of standing).  Accordingly, it is:

**ORDERED AND ADJUDGED** that:

1.  The Report of the Magistrate Judge (D.E. 112) is **ADOPTED consistent with this Order**.

2.  Plaintiff's Motion for Class Certification, filed on December 7, 2007 (D.E. 60), is **DENIED.**

3.  Plaintiff's claim under FDUTPA is **DISMISSED with prejudice** from the Amended Complaint due to Plaintiff's lack of standing to bring such claim.

4.  Defendant's Motion for Judgment on the Pleadings (D.E. 54) on Count III (violation of FDUTPA) of the Amended Complaint is **DENIED as moot.**

---

[5]  In addition, as with Plaintiff's breach of express warranty claim, the Court finds that it need not address arguments regarding the revised proposed FDUTPA class definition presented for the first time in Plaintiff's Objections.  (See supra n.3.)  In any event, even if the Court were to find that the revised class definition set forth in Plaintiff's Objections was adequate, in light of the Court's finding above that Plaintiff failed to satisfy requirements under both Rule 23(a) and Rule 23(b) with respect to the FDUTPA claim, class certification of this claim remains inappropriate.

5.     Allegations in the Amended Complaint (D.E. 93) pertaining to the proposed class action are hereby **STRICKEN**.

6.     In accordance with the Court's April 15, 2008 Order (D.E. 109), the parties shall agree upon a date for mediation to occur no later than September 30, 2008, and Plaintiff's counsel shall file a proposed order scheduling mediation reflecting such agreed date within five (5) days of the date of this Order.

**DONE AND ORDERED** in Chambers, at Miami, Florida, this 21st day of August, 2008.

_____
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**

24